IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO. 2:20-CV-00060-M

| | |
|---|---|
| JAMES ROX CORBIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. )<br>) | **ORDER** |

This matter comes before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II [DE 25]. Judge Numbers recommends that this court deny Plaintiff James Rox Corbin's ("Corbin") Motion for Judgment on the Pleadings, grant Defendant's Motion for Judgment on the Pleadings, and affirm the final decision of the Commissioner. Corbin filed objections to the M&R [DE 26]. No response to the objections was filed. The matter is ripe for ruling.

I. Standard of Review

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotations omitted); *see* 28 U.S.C. § 636(b). Absent timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citation and quotations omitted).

II. Corbin's Objections

Corbin does not lodge objections to the M&R's "Statement of the Case" section, "Standard of Review" section, "Disability Evaluation Process" section, or "ALJ's Findings" section. The court finds no clear error with those sections on the face of the record and therefore adopts and incorporates by reference those portions of the M&R as if fully set forth herein. Instead, Corbin re-argues four of the five claims of error he contends were committed by the Administrative Law Judge ("ALJ") that were considered and rejected by Judge Numbers. In his objections, Corbin "relies upon the specific arguments advanced and set forth in his Brief In Support of Motion for Judgment on the Pleadings filed on May 17, 2021," DE-36 at 1, and "contends that his arguments and contentions on each issue were more fully discussed and set forth in his Brief . . . ," *id.* ¶ 5.

While this court's review of objected-to, magistrate-judge findings will be de novo,[1] "[w]e uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citations omitted). The standard applied to the substantial-

---

[1] The court has found that the objections lodged by Plaintiff's attorney in another case (*Brookover v. Kijakazi*, 2:20-cv-00024-M) were insufficient under prevailing law but proceeded to conduct a de novo review. *See Suttles v. Chater*, 107 F.3d 867, 1997 WL 76900, at *1 (4th Cir. 1997) ("general, non-specific objections are not sufficient.") (per curiam) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991) and *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)); *see also Parsons v. Berryhill*, No. 2:16–CV–743, 2018 WL 1511160, at *2 (E.D. Va. Mar. 27, 2018) ("The Court may reject perfunctory or rehashed objections to [M&Rs] that amount to 'a second opportunity to present the arguments already considered by the Magistrate[]Judge.'") (citations omitted); *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R & R] strictly for clear error. . . . Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. . . . The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge.") (internal quotations and citations omitted). The court will do so again here but admonishes counsel that any future objections made contrary to law may be rejected.

evidence inquiry is a deferential one, review being limited to whether the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.* at 95 (citations omitted); *see also Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].") (citation omitted); *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997) (discussing that a court's review is focused on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence). After a de novo review the court finds that no errors were made by the ALJ, overrules the objections, adopts the thorough rationale and explanation of the remaining section of the M&R, "Discussion," and concurs in the M&R's recommended rulings. Below, the court provides additional observations based upon its de novo review of the objections, the briefing, and the record before it.

> A. The ALJ appropriately evaluated the medical source statement of the treating physicians at ECU Neurology.

In his motion, Corbin argues that the ALJ failed to give the appropriate "weight" to the opinion of his treating neurologists; however, the Commissioner and Magistrate Judge Numbers are correct that the proper analysis for medical opinions supporting claims filed after March 27, 2017, has changed and no longer recognizes the deferential "treating source rule" or the "evidentiary weight" to be given medical opinions. *See Deel v. Kijakazi*, No. 2:21CV00004, 2022 WL 404576, at *3 (W.D. Va. Feb. 9, 2022) ("Under the new regulations, ALJs no longer are required to assign an evidentiary weight to medical opinions or to accord special deference to treating source opinions.") (citing 20 C.F.R. § 404.1520c(a)); *see also* ALJ's Decision, R. 23.[2]

---

[2] "R." denotes a reference to the transcript of the entire record of proceedings before the Social Security Administration, appearing at Docket Entry 13. Page references are to those assigned by the transcript index, not those assigned by the CM/ECF electronic docketing system.

3

Rather, an ALJ must consider and articulate how persuasive she finds all relevant medical opinions and all prior administrative medical findings in a claimant's case record based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the opinion. *See* 20 C.F.R. § 404.1520c(b), (c)(1)-(5). Thus, in his objection to the M&R, Corbin asserts that "the ALJ erred in evaluating the medical source statement and that the evidence was supported and consistent with the medical and other evidence and [sic] by the treating physician who is a specialist in the field of neurology. James contends that the ALJ['s] analysis was not supported by substantial evidence." Objections, ¶ 1, DE 26.

The SSA deems supportability and consistency "the most important factors" in evaluating the persuasiveness of medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2) (2020). "Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." *See* 82 Fed. Reg. at 5853; *see also* 20 C.F.R. § 404.1520c(c)(1). In evaluating the supportability of a medical opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." *See* 82 Fed. Reg. at 5853; *see also* 20 C.F.R. § 404.1520c(c)(2). In assessing the consistency factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

The ALJ is not required to explain how she considered each of the relevant factors; instead,

4

when articulating her finding about whether an opinion is persuasive, the ALJ need only explain how she considered "the most important factors" of supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2). The ALJ may comment on the other factors, including the source's specialization or relationship with the claimant, but generally has no obligation to do so. *See* 20 C.F.R. § 404.1520c(b)(2)-(3) (2020).

Here, the ALJ recited the opinions of the neurologists, Dr. Frere (signing for Dr. Gibbs) and Ms. Richardson, in significant detail (R. 23-24) and found they were "not persuasive and overstate the claimant's limitations." R. 24. Consistent with 20 C.F.R. § 404.1520c, the ALJ explained her findings regarding supportability and consistency:

> Their opinions are generally not supported by the treatment records of Ms. Richardson and Dr. Gibbs, including the claimant's reports that he could be on his feet for 3 to 4 hours without needing to elevate his feet, and their findings that he had improvement with his medications, had intact cranial nerves, full 5/5 strength, and normal gait, station, and balance. Further, Ms. Richardson and Dr. Frere provided no explanations for their checked opinions on the form. Their opinions are also not generally consistent with the overall evidence. The claimant worked part-time as a van driver and testified he was able to drive his clients but had to take breaks during long distances. He also testified that he can sit for not more than 1 hour at a time, that he has to walk 1 mile a day, that he can lift 20-30 pounds, and that he takes breaks after driving for 30-45 minutes. The medical evidence also shows that although the claimant did not have complete relief of his symptoms, he had improvement of his symptoms with his medications. The evidence does not support their assessed limitations on neck movement, as the claimant has had full range of motion on examination. The evidence also does not support that the claimant would be absent more than 3 times a month or would have limitations in attention, concentration, and ability to deal with work stress. The claimant has generally reported he has had good energy and has had no reports that his attention, concentration, or ability to handle stress has been impacted.

*Id.* Corbin points to nothing in the ALJ's decision that is incorrect or inconsistent with the record before the ALJ. His conclusory objection that the decision is "not supported by substantial

5

evidence" is insufficient.[3] As stated by the Magistrate Judge, this court concludes that the ALJ "offered sound reasons why she found [the opinions were] not convincing" and the "record[] support[s] her consideration of the evidence." *See* M&R at 10.

> B. The ALJ did not err in finding Corbin has the residual functional capacity ("RFC") to perform a reduced range of light work.

The ALJ found Corbin was impaired by a history of testicular cancer, peripheral neuropathy secondary to chemotherapy, and obesity, and concluded that Corbin "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is limited to frequent handling, fingering, and feeling with the bilateral upper extremities; frequent pushing and/or pulling with the bilateral lower extremities; and should avoid concentrated exposure to work place hazards." R. 17, 19. Corbin asserts that the ALJ "completely ignored" the medical source statement regarding his limitations, and her RFC, as modified, "did not reduce the requirement regarding the ability to sit, stand and walk" for a "light work" range as defined (in pertinent part) by the SSA: "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Mot. at 24-25, DE 19. Corbin argues that "the consistent medical evidence and course of treatment, corroborated [by] the hearing testimony, and his prior consistent statements, demonstrates [sic] that he cannot perform the physical requirements [of] light work because he cannot sit, stand or walk for six hours in an eight-hour workday." Mot. at 25, DE 19.

First, in proffering this argument, Corbin identifies and appears to rely on the neurologists' opinions concerning his sitting, standing, and walking limitations. However, as set forth above,

---

[3] Moreover, Corbin's contention in his motion that the ALJ should seek additional information "[t]o the extent that [she] found the treating physicians' opinions were insufficiently detailed" is not persuasive. *See* Mot. at 21, DE 19. Nothing in the ALJ's opinion indicates that she found the neurologists' opinions to be "insufficiently detailed."

6

the ALJ did not err in concluding that the opinions were not persuasive based on their lack of support in, and inconsistency with, the record. Other than the neurologists' opinions, Corbin identifies no other portion of the record supporting his contention that he cannot perform light work as modified by the RFC listing exertional, manipulative, postural, and environmental limitations. The ALJ, on the other hand, recites in significant detail Corbin's medical history based on the record and notes Corbin's continued improvement of his neurological symptoms in the years since he underwent chemotherapy. R. 21-22. Corbin does not dispute any of these factual findings by the ALJ. Like the Magistrate Judge, this court finds that "substantial evidence in the record supports the RFC." *See* M&R at 14.

> C. The ALJ did not err in determining that Corbin's statements, including subjective complaints and limiting effects thereof, were not entirely consistent with the medical and other evidence.

Corbin asserts that the ALJ erred in finding his "statements were not entirely consistent with the medical and other evidence" because "[i]f an underlying impairment is capable of causing pain, subjective complaints of pain, its intensity and degree [can], by itself, support a finding of disability." Objections at ¶ 3. Without citing to the record, Corbin contends that the ALJ has "erroneously minimized, completely ignored, and rejected" records corroborating his reported symptoms and functional limitations. Mot. at 27-28, DE 19.

Corbin cites *Arakas v. Commissioner, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020) for the proposition that "disability claimants are entitled to rely exclusively on subjective evidence to prove the severity, persistence and limiting effects of their symptoms." Mot. at 26-27, DE 19. The Commissioner counters that *Arakas* is distinguishable from this case because the claimant there suffered from a condition that is generally supported by little or no objective medical evidence—fibromyalgia. Mot. at 16, DE 24. While *Arakas* specifically addresses a disability claim involving

fibromyalgia, the court states the rule for assessing a claimant's symptoms in all cases:

> ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms. 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled. See 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4. At this step, objective evidence is not required to find the claimant disabled. SSR 16-3p, 2016 WL 1119029, at *4–5. SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques." *Id.* at *4. Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them. *Id.* at *5.

*Arakas*, 983 F.3d at 95. The court found the ALJ erred by "improperly discounting Arakas's subjective complaints of pain and fatigue, based largely on the *lack* of objective medical evidence substantiating her statements." *Id.* at 96 (emphasis added); *see also id.* (ALJ "improperly increased [claimant's] burden of proof" by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence) (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)).

In this case, the ALJ did not require Corbin to support his subjective statements with objective medical evidence; rather, she found that Corbin's statements were inconsistent (in some respects) with the medical record and other evidence. First, the ALJ described Corbin's testimony at the July 16, 2019 hearing: the "worst pain [was] in his feet"; neuropathy in his hands affected his grip strength such that he could not write or type for long; he could stand for 15 minutes before needing to sit down; he tried to sit for no longer than an hour; he needed to walk every day about 1 mile but more than 2 miles would cause extreme pain in his feet; he was most comfortable lying

8

in bed; and he drove about 100 miles per week to stores and restaurants and, if he needed to drive long distances, he and his wife would take turns after about 30-45 minutes. R. 20. Next, in describing the medical record, the ALJ noted repeated findings of "normal" muscle strength, gait, muscle tone, station, and balance; Plaintiff's report that he could stand for about 3 to 4 hours before needing to elevate his feet; repeated reports of improvement with medication after noting worsening symptoms; a report of continued numbness/tingling from his knees to his feet but "no longer having shooting pain in his legs" (R. 861-862); and reports of good energy, good appetite, and no new aches, pains, chest pain, or shortness of breath. R. 21-22.

Corbin does not specify how the ALJ's opinion contravenes *Arakas* or other applicable law. Also, he does not dispute any of the above-listed findings nor identify which, if any, portion of the record supports (rather than contradicts) his statements about the intensity, persistence, and limiting effects of his symptoms. The court finds the ALJ did not err in determining that Corbin's statements were not entirely consistent with the medical and other evidence.

> D. The ALJ did not err in failing to set forth all of Corbin's stated limitations in the hypothetical posed to the vocational expert.

Corbin argues that the ALJ's hypothetical question posed to the vocational expert ("VE") did not consider limitations his attorney posed to the expert, which he contends were consistent with the record. Mot. at 28-29, DE 19. The hypothetical question posed to the VE in this case accurately stated the limitations set forth in the RFC. R. 53. The court has already determined that the RFC is supported by substantial evidence. Therefore, the ALJ did not err by omitting Corbin's additional limitations from her hypothetical questions to the VE. *See Fisher v. Barnhart*, 181 F. App'x 359, 364 (4th Cir. 2006) ("a hypothetical question is unimpeachable if it *adequately reflects* a residual functional capacity for which the ALJ had sufficient evidence") (citing *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005)) (emphasis in the original).

9

III. Conclusion

Having reviewed Corbin's objections de novo, the court: (1) ADOPTS the M&R [DE 25]; (2) UPHOLDS the decision of the Commissioner of the Social Security Administration; (3) DENIES Corbin's Motion for Judgment on the Pleadings [DE 18]; and (4) GRANTS Defendant's Motion for Judgment on the Pleadings [DE 23]. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant, forward a copy of this order to Corbin and all counsel of record, and close this case.

SO ORDERED this 30th day of March, 2022.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE